UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. BROWN,<br><br>            Plaintiff,<br><br>       v.<br><br>B. BUGGE, et al.,<br><br>            Defendants. | No.  2:22-cv-2118 KJN P<br><br><br>ORDER |

   Plaintiff is a state prisoner, proceeding pro se.  On October 13, 2023, plaintiff filed a motion for additional time to conduct discovery, as well as a sixty day stay of this action.  Plaintiff claims that his inability to obtain photocopies is impeding his ability to conduct discovery, and his receipt of legal mail has been delayed.  On October 23, 2023, defendants filed an opposition.  Plaintiff did not file a reply.  As discussed below, plaintiff's motion is denied.

   "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

1

      Here, under the discovery and scheduling order, discovery opened on June 29, 2023, and all discovery requests were to be propounded no later than August 21, 2023.  (ECF No. 22 at 5 ¶ 6.)  Given such deadlines, plaintiff fails to demonstrate how the recent thirty-day denial of photocopy services impacted his ability to propound or respond to discovery in this case.  Indeed, plaintiff provided no specific facts as to what documents have been impacted, either by photocopy delays or delays in receipt of legal mail.  Plaintiff fails to identify what additional discovery he needs.  Moreover, defendants demonstrate that on July 17, 2023, plaintiff served requests for production of documents and requests for admissions, and defendants responded on September 15, 2023.  (ECF No. 24 at 5.)  On October 4, 2023, plaintiff brought documents to his deposition and defendants' counsel helped plaintiff get assistance to make a copy of the documents to send to defendants' counsel.  (ECF No. 24 at 5.)  Plaintiff did not file a reply or rebut counsel's declaration.

      Plaintiff's conclusory request for a 60 day stay of this action is unsupported by specific facts or evidence.

      The record reflects that plaintiff was able to propound discovery and he fails to demonstrate good cause to extend the discovery deadline.  His motion also fails to show that a stay of this case is warranted.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 23) is denied.

Dated:  November 13, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow2118.sty